IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

               Plaintiff,

v.

WESLEY W. HANSON,

               Defendant.

ORDER

02-cr-90-bbc

09 C 172 C

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On January 8, 2003, defendant pleaded guilty to possessing an unregistered firearm in violation of 26 U.S.C. § 5861(d) (count one) and possessing a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1) (count two). He was sentenced to 120 months' imprisonment on count 1 and 188 months' imprisonment on count 2, with the sentences to be served concurrently. Defendant filed a timely appeal challenging his guilty plea and contesting the 4B1.4 application to his case which resulted in a higher offense level and a longer sentence because he was classified as an armed career criminal. On December 29, 2003, the court of appeals dismissed defendant's appeal as legally frivolous.

Now, defendant has filed a motion for review for plain error pursuant to Fed. R. Crim. P. 52(b). Despite the title plaintiff has attached to his document, it must be

1

Copy of this document has been provided to: Defendant this 25 day of Mar, 2009 by A. Vogel
S. Vogel, Secretary to
Judge Barbara B. Crabb

construed as a motion for post-conviction relief, filed pursuant to 28 U.S.C. § 2255. Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) ("Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover."). Ordinarily, if a convicted defendant files a document that is the equivalent of a motion for post-conviction relief, I may convert the motion to a § 2255 motion, but only if I give the filer notice and an opportunity to choose whether to withdraw the document altogether, or amend it to be sure it includes every challenge he has to his conviction and sentencing or have the court consider it in the form in which it was filed. Castro v. United States, 540 U.S. 375, 388 (2004); Henderson v. US, 264 F.3d 709 (7th Cir. 2001). This is because the law allows a defendant only one opportunity to file for postconviction relief (with a few rare exceptions, irrelevant to defendant's situation) without obtaining the advance approval of the court of appeals. To obtain such approval, plaintiff would have to show that the second motion contains newly discovered evidence that would be sufficient to establish that no reasonable factfinder would have found the movant guilty of the offense or evidence of a new rule of constitutional law not previously available that has been retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255.

In this case, however, it is not necessary to give defendant notice because his motion is untimely under any label and no amendment can save it. His judgment and commitment

2

order was entered on January 8, 2003. The court of appeals dismissed defendant's appeal on December 29, 2003. The one year statute of limitations began to run 90 days later and would have expired approximately March 31, 2005. Clay v. United States, 537 U.S. 522 (2003). Defendant did not file this motion until March 16, 2009, well beyond the expiration of the limitations period. Although there are exceptions to this limitation, defendant has not suggested that he comes under any one of them. Therefore, his motion must be dismissed as untimely.

ORDER

IT IS ORDERED that defendant Wesley Hanson's motion for review for plain error pursuant to Rule 52(b) is construed as a motion for post-conviction relief brought under 28 U.S.C. § 2255, and DISMISSED as untimely.

Entered this 25th day of March, 2009.

BY THE COURT:

Barbara B. Crabb
BARBARA B. CRABB
District Judge

3